This was an action of trover, to recover the value of a tow-boat. It was proved that plaintiff had been seen in possession of the boat and that her value was from $150 to ‡200. A letter from defendant to plaintiff was produced in evidence, to supersede the necessity of proving demand and refusal. The letter required plaintiff to pay what he had promised as salvage and repairs on the boat, or she should be sold. The de-fence was, that defendant, after the severe gale óf 18.13, found the boat nearly stove to pieces, and in a very perilous situation, on an uninhabited hammock; that he got her off; put repairs on her sufficient to float her to Charleston and advertised her; that plaintiff called to see her, and said the boat was the property of a widow lady; that he would pay for the salvage and repairs, which was agreed upon at $40, and would receive the boat. That having neglected to pay for a long time, defendant by letter informed him he must pay immediately or the' boat would be sold to defray expenses. Plaintiff again promised, but did not pay; and the boat was sold at public auction for $25. The defendant contended that he had a lien for salvage and repairs on the boat; that if he had not such lien by law, that the contract with plaintiff for $40 gave him a lien; that there was no' sufficient evidence of plaintiff’s right of property in the boat, nor of her value, nor evidence of a demand and refusal. The presiding judge charged on all the grounds in favor of the plaintiff, and the jury found a verdict for plaintiff for $ — . A motion for a new trial was now made bn the following grounds:
1st. That the presiding judge misdirected the jury, in charging that the defendant had no right of salvage in this case.
2d. That he misdirected them, in charging that defendant had no lien on the boat in question, and had no right to sell her for the satisfaction of a lien.
*135 Ford and Desaussure, for motion.